1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   UNITED STATES OF AMERICA,         No. 1:13-cr-00431-01 WBS

13              Plaintiff,

14       v.                            ORDER

15   MIGUEL MARQUEZ,

16              Defendant.

17

18                         ----oo0oo----

19         Defendant has filed a motion for compassionate release

20   under 18 U.S.C. § 3582(c)(1)(A)(i).  (Docket No. 88.)[1]

21         The court recognizes that defendant has various medical

22   conditions, including obesity, hyperlipidemia, hypertension,

23   latent tuberculosis, pre-diabetes, a history of smoking tobacco

24   and methamphetamine, and is housed at USP Lompoc, which has had

25   numerously inmates test positive for COVID-19, including

26

27         [1]   The government agrees that defendant has exhausted his
     administrative remedies.

28
                              1

1  defendant.  However, defendant is only 35, and it appears that

2  the Bureau of Prisons has been able to sufficiently treat his

3  medical conditions.[2]  Moreover, the defendant has made no showing

4  that he would receive any better care outside of the Bureau of

5  Prisons or that he would be better able to get a COVID-19

6  vaccination outside of federal custody than he would be in

7  custody.

8         Overall, defendant has not shown that his medical

9  conditions along with the COVID-19 pandemic qualify as

10 extraordinary and compelling reasons for release under 18 U.S.C.

11 § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  See United States v.

12 Williams, No. 2:13-cr-383 TLN, 2020 WL 3402439, *2 (E.D. Cal.

13 June 19, 2020) (defendant's confinement at FCI Lompoc and

14 diagnosis of hypertension along with other medical history and

15 prevalence of COVID-19, was insufficient to show extraordinary

16 circumstances under 18 U.S.C. § 3582(c)(1)(A)).

17        Even assuming defendant's medical conditions and the

18 COVID-19 pandemic constituted extraordinary and compelling

19 reasons, the court would deny the motion because defendant has

20 not demonstrated that he is not a danger to the safety of any

21 other person or the community.  See U.S.S.G. § 1B1.13(2); United

22 States v. Richardson, No. 2:16-cr-69 TLN, 2020 WL 5203430, at *2

23

24        [2]   Defendant also notes that he suffers from a severe
   undiagnosed pain in his upper right abdomen.  While prison
25 medical staff has not yet identified the source of this pain,
   there is no indication that the condition heightens his risk of
26 complications due to the coronavirus, and it appears that that
   medical staff is continuing to treat and test defendant for this
27 condition, though those efforts may have been delayed somewhat
   due to coronavirus protocols.
28

(E.D. Cal. Sept. 1, 2020).  In both this case and in defendant's prior offenses, he was responsible for trafficking large quantities of methamphetamine.  Given defendant's offense and history, releasing him to live with his mother at the same residence where agents found large quantities of these drugs[3] poses a risk to the community's safety.

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 88), be, and the same hereby is, DENIED.

Dated:  February 8, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3]    Agents also found a stolen loaded gun, which defendant admitted to possessing, at his mother's residence.

3