UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL MARQUEZ,<br><br>Defendant. | No. 1:13-cr-00431 WBS<br><br><br>ORDER |

----oo0oo----

Defendant has filed a motion for reconsideration of this court's Order of February 8, 2021, denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Nos. 88, 104, 105.)

The present motion cites to no newly discovered evidence or changes in the law to support reconsideration of the court's previous Order. That Order was not intended as a tentative ruling. It was meant to constitute a final adjudication of defendant's § 3582(c) motion, not to serve as an invitation for further argument.

1

1            Defendant first takes issue with the court's
2   observation that he made no showing that he would receive any
3   better care for his medical conditions or that he would be more
4   likely to receive a COBID-19 vaccination outside of prison than
5   he would be within.  It is true that neither the statute nor the
6   policy statements expressly require the petitioning defendant to
7   show that he would receive better medical outside of prison.
8   However, a common sense reading of the compassionate release
9   statute compels the obvious: compassionate release due to medical
10  conditions, alone or in combination with the COVID-19 pandemic,
11  makes little sense if the defendant would not in fact receive
12  better medical care outside of prison.
13           In denying defendant's request for compassionate
14  release, the court recognized his various medical conditions and
15  the outbreak of COVID-19 at USP Lompoc but noted that defendant
16  was only 35 and it appeared that the Bureau of Prisons was
17  sufficiently treating his medical conditions.  If it were the
18  policy to release prisoners based on no more on a showing that
19  they were, as defendant alleges to be here, overweight and pre-
20  diabetic, with high cholesterol, high blood pressure, latent
21  tuberculosis, and a history of smoking and using methamphetamine,
22  it might reduce the prison population but would not serve the
23  ends of justice.  A medical condition that can be treated just as
24  well in prison as it can on the outside does not amount to a get-
25  out-of-jail-free ticket.
26           Defendant also renews his plea to be released because
27  of the risk of infection with the COVID-19 virus in prison.
28  While not mentioned in the prior order, the court notes that

Case 1:13-cr-00431-WBS-BAM   Document 107   Filed 02/25/21   Page 3 of 4

COVID-19 vaccines are becoming increasingly available, with the President recently announcing that "[b]y the end of July, we'll have over 600 million doses, enough to vaccinate every single American." Maureen Chowdhury, <u>Biden: Covid-19 Vaccines Will be Widely Available by the End of July</u>, CNN.com, Feb. 16, 2021, https://www.cnn.com/politics/live-news/joe-biden-town-hall-02-16-21/h_dcc5457025a71bf4fbdd1d92d42bab35.

    The court will not speculate as to when a vaccine will be offered to defendant, but there is no reason to believe that the general prison population will be vaccinated any later than the majority of the public, and by all reports, the vaccines available in the United States are extremely effective in preventing moderate or severe COVID-19 infections.  Thus, in effect, defendant asks to be permanently released from physical custody based on a risk that will have been largely mitigated before the end of the year, if not much earlier.  Under the circumstances here, court is unwilling to grant such a request.

    Significantly, defendant's motion to reconsider makes no mention of the court's finding that defendant had not shown that he was not a danger to the community.  (<u>See</u> Order at 2-3 (Docket No. 104) (citing U.S.S.G. § 1B1.13(2); <u>United States v. Richardson</u>, No. 2:16-cr-69 TLN, 2020 WL 5203430, at *2 (E.D. Cal. Sept. 1, 2020)).)  That finding alone was sufficient reason for the court's denial of defendant's original motion, and the court sees no reason to disturb it.

    Finally, defendant requests a certificate of appealability should the court deny the motion to reconsider. While a defendant appealing the denial of a petition under 28

3

U.S.C. §§ 2254 or 2255 cannot proceed without a certificate of appealability from a district or circuit judge (Fed. R. App. P. 22(b)), there appears to be no similar requirement for denials of motions for compassionate release, as exemplified by the many defendants in the Ninth Circuit who have already appealed the denial of such motions without obtaining such a certificate.[1]

IT IS THEREFORE ORDERED that defendant's motion to reconsider (Docket No. 105), be, and the same hereby is, DENIED.

Dated:  February 25, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Even assuming there was such a requirement, the court would deny the request for the reasons discussed in this order and in the court's February 8, 2021 Order.