UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:13-cr-00431 WBS |
| Plaintiff, | |
| v. | ORDER |
| MIGUEL MARQUEZ, | |
| Defendant. | |

----oo0oo----

After this court denied defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and motion for reconsideration (see Docket Nos. 88, 104, 105, 107), defendant appealed and the Ninth Circuit remanded the case for further consideration under the standard set forth in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

In the court's February 8, 2021 order denying defendant's motion, the court noted defendant's various medical conditions, including his prior positive test for COVID-19, as well as the prevalence of COVID-19 at FCI Lompoc, where he is

1

housed.  However, the court noted that the defendant at the time was only 35 years old, and determined that the Bureau of Prisons had been able to sufficiently treat his medical conditions, including his diagnosis of COVID-19.  Ultimately, the court determined that defendant had not shown that medical conditions along with the COVID-19 pandemic, qualified as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  (Docket No. 104 at 1-2.)

The court further held that even assuming defendant's medical conditions and the COVID-19 pandemic constituted extraordinary and compelling reasons, it would deny the motion because defendant had not demonstrated that he was not a danger to the safety of any other person or the community.  In doing so, the court noted defendant's history of multiple drug trafficking offenses involving large quantities of methamphetamine and also noted the possibility that he would be released to live at the same residence where agents found large quantities of drugs and a stolen loaded gun, which defendant admitted to possessing.  (Id. at 2-3 (citing U.S.S.G. § 1B1.13(2); United States v. Richardson, No. 2:16-cr-69 TLN, 2020 WL 5203430, at *2 (E.D. Cal. Sept. 1, 2020).)  On reconsideration, the court also noted the emergence of COVID-19 vaccines that were increasingly becoming available.

On remand, the court recognizes that U.S.S.G. § 1B1.13 is not binding on this court, though it "may inform a district court's discretion for § 3582(C)(1)(A) motions filed by a defendant."  United States v. Aruda, 993 F.3d 797 (9th Cir. 2021).  Accordingly, the court considers the Sentencing Commission's policy statements in deciding the instant motion.

The court also recognizes that the COVID-19 pandemic continues to pose risks to society generally, the general prison population, and defendant. However, these risks are greatly diminished by the availability of COVID-19 vaccines, which by this point have almost certainly been offered to defendant.

Considering all of the relevant factors, including defendant's medical history, the continuing risks of the COVID-19 pandemic, and the failure of defendant to show that he is not a danger to the safety of the community, the court once again determines that defendant has not shown that his medical conditions along with the COVID-19 pandemic qualify as extraordinary and compelling reasons for release under 18 U.S.C. § 3582(c)(1)(A).

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 88) be, and the same hereby is, DENIED.

Dated: December 7, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE