UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:13-cr-00431 JLT BAM |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| MIGUEL MARQUEZ, | (Doc. 115) |
| Defendant. | |

Miguel Marquez is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 115.) The Government opposes the motion, contending that Defendant is "facially ineligible" for the reduction because he was assessed 9 criminal history points. (Doc. 118.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

On December 15, 2014, pursuant to a written plea agreement, Defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 54, 59.) Following Defendant's guilty plea, a presentence investigation report ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 37. (*See* Doc. 118, PSR ¶ 28.) Defendant was assessed 9 criminal history points based on multiple prior convictions, which resulted in a criminal history score of 9. (PSR ¶¶ 33-40.) According

to the sentencing table at U.S.S.G. Chapter 5, Part A, Defendant's criminal history score placed him in criminal history category IV. (PSR ¶ 41.) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range called for a term of imprisonment of 292 to 365 months. (PSR ¶ 58.) The minimum term of imprisonment for Defendant's offense is 10 years. (PSR ¶ 57.)

The Court held a sentencing hearing on March 9, 2015. (Doc. 71; Doc. 72 at 2.) The sentencing judge adopted the findings in the PSR after reducing Defendant's offense level by two levels and departing downward from the guideline range. (Statement of Reasons at 1-2.) Defendant was sentenced to 176 months in custody. (Doc. 71; Doc. 72 at 2.) Defendant now asks the Court to reduce his sentence under Part B of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1.

As the Government correctly identifies, Defendant was assessed 9 criminal history points based on prior convictions. (PSR ¶ 40.) Therefore, Defendant does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(1) and, as a result, he is ineligible for relief under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 115) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 16, 2024**

UNITED STATES DISTRICT JUDGE